1

In The United States District Court
For The Eastern District Of Louisiana

United States Of America | Criminal No. 10-197

V.                        Section: "G"

Brandon Turner

Reply To Government's Memorandum In
Opposition To Defendants Writ Of Habeas
Corpus For Sentence Computation Error

Comes Now Brandon Turner before this honorable justice Court who brings this Reply to the governments Memorandum in opposition to defendants Writ Of Habeas Corpus for Sentence Computation Error And presents the following facts and law to wit:

First and foremost the government's opposition undermines all principles of the sentencing procedure, agreement, orders, clear language, true intent and definition for the Courts to prescribe concurrent sentences otherwise.

If defendant can prove his "Actual Innocence" of his sentence and how it is carried out, there can be no abuse of discretion. Mcquiggins V. Perkins (2013) BL. 138  773  93 Crl. 265 U.S. (2013)

TENDERED FOR FILING
SEP 08 2020
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  SEP 0 8 2020
CAROL L. MICHEL
CLERK

Fee____
Process____
X  Dktd____
___ CtRmDep____
___ Doc No____

2

133. SCT., 1924, 1928, 185 LED. 2d. 1019 (2013).

The government discloses in its memorandum that the Bureau of Prisons (B.O.P.) has exclusive jurisdiction to calculate an inmate's sentence and anticipated release date. They further go on to state the Fifth Circuit has recognized that the B.O.P. as opposed to the federal courts is the entity authorized to determine where a federal sentence will be served, when it begins, and in certain respects, how long it will last. (Rec. Doc. 472). Yet, the government does not further go on to disclose that the Court in the record also stated, "However, the District Court determines the length of the sentence imposed." Rec. Doc. 472) See 18 U.S.C. 3582. The Court is not authorized to let the B.O.P. determine the length of the sentence. Such determination is a void judgement if the Court who imposed the sentence would then give such a order or power to the B.O.P construed with the 10th Amendment of the U.S. Constitution.

"Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that, and certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable,

3

but simply void, and this even prior to reversal." William V. Berry, 8 How. 945, 940 12 L. Ed. 1170, 1189 (1850).

This court made a judgement to be carried out by the B.O.P (Rec. Doc. 465 P.2). "Time served as to Count 1 of the Superseding Bill of Information, to run concurrent with any sentence imposed in CR 18-12"A", United States District Court, Eastern District Of Louisiana." 3/27/19 this court further gave an order that the B.O.P. is to ensure that its computation of Turner's sentence complies with the October 18, 2018 Judgement imposed. (Rec. Doc. 472). It was further ordered that Turner is to be given credit for time served from the date of his arrest on August 3, 2017 and further ordered that the sentence in the above captioned matter run concurrent to his sentence in case number 2:10-CR-197"A" (Rec.Doc 48) in case number 2:18-CR-12-"A". This means "Exhibit A" of the governments time calculation on page 2 is inaccurate. It shows jail credit from date 10/19/2018 thru date 10/29/2018. The correct calculation is 8/3/2017 thru 10/29/2018. Which means the government and the B.O.P is more than a year shy of time to be credited to Turner. This thereby violates the 4th, 5th and 14th Amendment

4

Rights of Turner who is secure in his person and papers to be carried out by way of due process as disclosed by the court. No mental evasion can be made to the Constitution regardless of any statute or policy that would disclose otherwise.

"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." Miranda v. Arizona, 384 U.S. 436, 491.

"The right to be let alone the most comprehensive of rights and the right most valued by civilized men. To protect that right, every unjustifiable intrusion by the government upon the privacy of the individual, whatever the means employed, must be deemed a violation of the Fourth Amendment." Olmstead v. U.S., 277 U.S. 438, 478 (1928).

The government also seeks to disclose that Turner must fulfill the grievance process in the B.O.P. Yet it is clear she never took the time to investigate this issue properly because had she done so she would have seen that Turner filed grievances from BP.8 to BP.11 which is the complete B.O.P. procedural process to exhaust administrative remedy within the B.O.P. (See Attachm

5

enclosed of the final prima facie BP.11 step). However this issue is very simple and this Writ is in fact to be construed as a Motion to Amend the Judgement due to such Rebellious Action from the B.O.P. and now even the government who seeks to persuade the court to make a mental evasion from the Article 6 Oath of fidelity to protect the Constitution. Not only does this court have jurisdiction but Turner asserts jurisdiction on the basis of the very orders given by this court.

"Federal Courts are Courts of limited jurisdiction. They possess only power authorized by Constitution and Statute, which is not to be expanded by judicial degree. It is to be presumed that a cause lies outside the limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkenen V. Guardians Life Ins. Co. of America, 511 U.S. 375 (1994).

Habeas Corpus - A writ employed to bring a person before a court, most frequently to ensure that the party's imprisonment or detention is not illegal. Blacks Law Dictionary 8th Edition

"It will be an evil day for American Liberty if the theory of a government outside supreme law

6

finds lodgement in our constitutional jurisprudence. No higher duty rests upon this Court than to exert it's full authority to prevent all violations of the principles of the Constitution." Downs V. Bidwell, 182 U.S. 244 (1901).

The government does not have sovereign authority to impose a statute that would deny "the people" of person or property. The government would have this Court believe different who function on "At law" principles instead of "in law." The facts remains that the people are sovereign and are with authority to be entertained in the very Court who is responsible for the action carried out in regards to their person and property. It is with such that we remind the Court of the U.S. Constitution which is relevant evidence in accordance with Fed. R. Evi. R. 402 by Treaty and Constitution.

"Congress can exercise no power by virtue of any supposed inherent sovereignty in the General Government. Indeed, it may be doubted whether the power can be correctly said to appertain to sovereignty in any proper sense as an attribute of an independent political community. The power to commit violence, perpetrate injustice, take private property by force without

7

compensation to the owner, and compel the receipt of promises to pay in place of money, may be exercised, as it often has been, by irresponsible authority, but it cannot be considered as belonging to a government founded upon law. But be that as it may, there is no such thing as a power of inherent sovereignty in the Government of the United States." Julliard V. Greenman, (1884) 110 U.S. 421.

### PRAYER

Turner prays that this Court grant this Writ based on the facts and law supported by this reply to the government and amend the judgement in order to have it be executed by the B.O.P. the previous orders of the court in regards to the length of the sentence with jail credit combined.

Respectfully,

Date: 8/23/20

Pro Se: Brandon Turner

### AFFIDAVIT

I Brandon Turner, being over 18 years of age, do swear all facts and statements made herein are true and correct under the penalty of perjury.

Date: 8/23/20

Brandon Turner

8

## CERTIFICATE OF SERVICE

I hereby certify I have sent a copy of this motion to the Clerk of Court at 500 Poydras St. Room C-151, New Orleans, LA 70130.

Date: 8/23/20

Brandon Turner

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JULY 30, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : BRANDON E TURNER, 31572-034
      POLLOCK MED FCI    UNT: F UNIT     QTR: F01-225U

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 970966-A2
DATE RECEIVED  : JUNE 24, 2019
RESPONSE DUE   : AUGUST 23, 2019
SUBJECT 1      : CONCURRENT SERVICE
SUBJECT 2      : OTHER JAIL TIME CREDIT

Brandon Turner #31572-039
Federal Correctional Institution JP Pollock Med
P.O. Box 4050
Pollock, LA 71467

United States Clerk of Court
Eastern District of Louisiana
500 Poydras St. Room C-151
New Orleans, La. 70130

Legal Mail