UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 10-197** |
| **BRANDON TURNER** | **SECTION "G"** |

### ORDER AND REASONS

Before the Court are Defendant Brandon Turner's ("Turner") Motion to Enforce Prior Orders[1] and Petition for Writ of Habeas Corpus to Correct a Sentence Computation Error.[2] Considering the motion, the petition, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the Motion to Enforce and dismisses the Petition for Writ of Habeas Corpus without prejudice.

### I. Background

On June 22, 2011, Turner pleaded guilty to Count 1 of the Superseding Bill of Information in this case before Judge Helen Berrigan (Section "C" of this Court).[3] Count 1 charged Turner with conspiring to distribute heroin.[4] On April 25, 2012, Judge Berrigan entered a Judgment sentencing Turner to a term of 70 months imprisonment as to Count 1 of the Superseding Bill of Information.[5] Judge Berrigan also sentenced Turner to a term of supervised release of four years.[6]

On February 4, 2016, Turner's case was reassigned to Chief Judge Nannette Brown

---

[1] Rec. Doc. 485.

[2] Rec. Doc. 508.

[3] Rec. Doc. 139.

[4] Rec. Doc. 119.

[5] Rec. Doc. 315.

[6] *Id.*

(Section "G" of this Court).[7] On October 18, 2018, this Court held a revocation hearing in this matter and found that Turner violated the terms of his supervised release by committing another crime.[8] Specifically, Turner had pleaded guilty to distributing heroin in Case No. 18-CR-12 before Judge Jay Zainey (Section "A" of this Court).[9] Accordingly, this Court entered a Judgment revoking Turner's supervised release and sentencing him to a term of "Time Served as to Count 1 of the Superseding Bill of Information, to run concurrent with any sentence imposed in [Case No. 18-CR-12] 'A.'"[10] On October 30, 2020, Judge Zainey sentenced Turner to a term of 80 months imprisonment in Case No. 18-CR-12.[11]

On March 20, 2019, Turner contacted this Court by letter, asserting that the Bureau of Prisons ("BOP") did not calculate his sentence in accordance with this Court's October 18, 2018 Judgment.[12] On March 27, 2019, this Court ordered the BOP to "ensure that its computation of Turner's sentence complies with the [October 18, 2018] Judgment imposed in this case."[13] Furthermore, on April 17, 2019, in Case No. 18-CR-12, Judge Zainey ordered that Turner's sentence in Case No. 18-CR-12 run concurrent to his sentence in the case before this Court.[14]

On July 29, 2019, Turner contacted this Court by letter asserting that the BOP was not following orders issued by this Court and Judge Zainey regarding Turner's sentence

---

[7] Rec. Doc. 402.

[8] Rec. Doc. 465.

[9] *Id.*

[10] *Id.*

[11] Rec. Doc. 513-1 at 1.

[12] Rec. Doc. 472.

[13] *Id.*

[14] *United States v. Turner*, 18-CR-12, Rec. Doc. 48.

computation.[15] On August 26, 2019, this Court entered an order appointing the Office of the Federal Public Defender to investigate the issues raised by Turner in his letter and ordering the Office of the Federal Public Defender to file any appropriate motions on his behalf on or before October 15, 2019.[16]

Thereafter, Turner retained private counsel and filed the instant Motion to Enforce Prior Orders.[17] Because Turner had retained counsel, the Court granted a motion allowing the Assistant Federal Public Defender to withdraw from the case.[18]

Turner also filed a *pro se* Petition for Writ of Habeas Corpus to Correct a Sentence Computation Error.[19] The government opposes the petition.[20]

## II. Parties' Arguments

*A.*   ***Turner's Arguments in Support of the Motion to Enforce Prior Orders***

In the Motion to Enforce Prior Orders, Turner argues that the BOP has not complied with this Court's March 27, 2019 Order to directing the BOP to "ensure that its computation of Turner's sentence complies with the [October 18, 2018] Judgment imposed in this case."[21] Additionally, Turner argues that the Federal Public Defender's Office failed to investigate the case.[22]

---

[15] Rec. Doc. 475-1.

[16] Rec. Doc. 475.

[17] Rec. Doc. 485.

[18] Rec. Doc. 491.

[19] Rec. Doc. 508.

[20] Rec. Doc. 513.

[21] Rec. Doc. 485-1 at 1–2.

[22] *Id.* at 2.

B. *Turner's Arguments in Support of the Petition for Writ for Habeas Corpus*

In the Petition for Writ of Habeas Corpus to Correct a Sentence Computation Error, Turner alleges that his constitutional rights have been violated by the BOP because it has erred in computing his sentence.[23] Turner asserts that the BOP has not given him credit for the 15 months he spent in custody from his arrest on August 2, 2017, through the date of the revocation hearing on October 18, 2018.[24] Turner argues that the Court should either order the BOP to correct the sentence computation error or amend the Judgment from "Time Served" to a sentence of 15 months.[25]

C. *The Government's Arguments in Opposition*

In opposition, the government argues that the Petition for Writ of Habeas Corpus should be dismissed for two reasons.[26] First, the government contends that the BOP has exclusive jurisdiction to calculate an inmate's sentence and anticipated release date.[27] Additionally, the government notes that the BOP has complied with this Court's March 27, 2019 Order requiring it to ensure that the computation of Turner's sentence complies with the Judgment.[28]

Second, the government contends that this Court does not have jurisdiction to entertain Turner's habeas petition because petitions filed pursuant to 28 U.S.C. § 2241 must be filed in the district where the petitioner is incarcerated.[29] Because Turner is presently incarcerated in the Western District of Louisiana, the government argues that this Court does not have jurisdiction to

---

[23] Rec. Doc. 508.

[24] *Id.* at 1–2.

[25] *Id.* at 3.

[26] Rec. Doc. 513.

[27] *Id.* at 1.

[28] *Id.*

[29] *Id.* at 2.

consider the habeas petition.[30] The government also notes that a petitioner filing a § 2241 claim must first exhaust his administrative remedies through the BOP.[31]

### D.   Turner's Argument in Further Support of the Writ for Habeas Corpus

In reply, Turner raises three primary arguments in further support of his original motions.[32] First, Turner argues that although the BOP is authorized to calculate an inmate's sentence, the BOP is not authorized to determine the length of the sentence.[33] Second, Turner contends that he exhausted the administrative remedies through the BOP by filing multiple grievances.[34] Third, Turner asserts that his petition for writ for habeas corpus should be construed as a motion to amend the Judgment of the Court in this matter.[35]

## III. Legal Standard

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."[36] The calculation of a term of federal imprisonment is governed by 18 U.S.C. § 3585.[37] Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

---

[30] *Id.*

[31] *Id.*

[32] Rec. Doc. 514.

[33] *Id.* at 2.

[34] *Id.* at 4.

[35] *Id.* at 5.

[36] *United States v. Wilson*, 503 U.S. 329, 335 (1992).

[37] 18 U.S.C. § 3585.

(1) As the result of the offense for which the sentence was imposed; or

(2) As a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed[,]

so long as that time has not been credited against another sentence.[38]

Pursuant to Fifth Circuit precedent, "[t]he BOP—as opposed to the federal courts—is the entity authorized to determine where a federal sentence will be served, when it begins, and, in certain respects, how long it will last."[39] "The district court is not permitted to compute the credit for time served or to order the backdated commencement of a sentence. The BOP alone is authorized to take these actions."[40]

A petition for writ of habeas corpus which "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration" is properly considered under 28 U.S.C. § 2241.[41] "To entertain a § 2241 habeas petition, the district court must have jurisdiction over the prisoner or his custodian."[42] Therefore, "the district of incarceration is the only district with jurisdiction" to entertain the petitioner's § 2241 habeas petition.[43]

## IV. Analysis

On October 18, 2018, this Court revoked Turner's previously imposed term of supervised release and sentenced Turner to a term of "Time Served as to Count 1 of the Superseding Bill of

---

[38] 18 U.S.C. § 3585(b).

[39] *United States v. Cibrian*, 374 F. App'x 524, 530 (5th Cir. 2010) (citing 18 U.S.C. § 3621); *see also Wilson*, 503 U.S. at 337 (holding that the Attorney General, through the BOP, computes the amount of § 3585(b) credit after the defendant has begun to serve his sentence); *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) ("credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing").

[40] *United States v. Taylor*, 973 F.3d 414, 418 (5th Cir. 2020) (internal citations omitted).

[41] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

[42] *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citing *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978); *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979)).

[43] *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)).

Information, to run concurrent with any sentence imposed in [Case No. 18-CR-12] 'A.'"[44] On October 30, 2020, Judge Zainey sentenced Turner to a term of 80 months imprisonment in Case No. 18-CR-12.[45]

On March 27, 2019, this Court ordered the BOP to "ensure that its computation of Turner's sentence complies with the [October 18, 2018] Judgment imposed in this case."[46] Furthermore, on April 17, 2019, in Case No. 18-CR-12, Judge Zainey ordered that Turner's sentence in Case No. 18-CR-12 run concurrent to his sentence in the case before this Court.[47] Thereafter, the BOP reviewed the judgments and calculated Turner's projected release date to be August 9, 2024.[48]

To the extent that Turner still believes that the BOP has incorrectly calculated the time served credit, this Court is not authorized to correct it. Rather, the computation of credit for time served is the sole province of the BOP as delegated by the Attorney General of the United States.[49] "The district court is not permitted to compute the credit for time served or to order the backdated commencement of a sentence. The BOP alone is authorized to take these actions."[50]

Turner's argument that the BOP has erred in calculating his sentence is properly considered under 28 U.S.C. § 2241.[51] "[T]he district of incarceration is the only district with jurisdiction" to

---

[44] Rec. Doc. 465.

[45] Rec. Doc. 513-1 at 1.

[46] Rec. Doc. 472.

[47] *United States v. Turner*, 18-CR-12, Rec. Doc. 48.

[48] Rec. Doc. 513-1 at 2.

[49] *Wilson*, 503 U.S. at 332–34.

[50] *United States v. Taylor*, No. 19-30222, 2020 WL 5223497, at *4 (5th Cir. Sept. 2, 2020) (internal citations omitted).

[51] *See Gabor*, 905 F.2d at 77–78 (internal citations omitted). Turner argues that his motion should be considered a motion to amend the judgment under Federal Rule of Criminal Procedure 36. Rule 36 provides that the district court may "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "A claim for time served prior to the date of a federal sentence is not cognizable in a proceeding pursuant to Fed. R. Crim. P. 36. The claimant must instead proceed via a petition for habeas corpus under 28 U.S.C. § 2241." *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989). Turner argues that

entertain the petitioner's § 2241 habeas petition.[52] When the petition was filed, Turner was incarcerated at the United States Penitentiary in Pollock, Louisiana, which is within the jurisdiction of the Western District of Louisiana.[53] Therefore, the Court does not have jurisdiction to consider Turner's § 2241 petition.

## V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Brandon Turner's Motion to Enforce Prior Orders[54] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Brandon Turner's Petition for Writ of Habeas Corpus to Correct a Sentence Computation Error is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**NEW ORLEANS, LOUISIANA,** this   4th   day of November, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

the BOP has incorrectly calculated his sentence, not that the Court made a clerical error in the Judgment. Therefore, Rule 36 is not applicable here.

[52] *Lee*, 244 F.3d at 373.

[53] BOP records indicate that Turner is currently incarcerated at the United States Penitentiary in Leavenworth, Kansas. https://www.bop.gov/inmateloc.

[54] Rec. Doc. 485.